UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARREL R. FISHER,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　Plaintiff,　　　　　　　　　) | |
| 　　v.　　　　　　　　　　　　　　　) | Civil Action No.  23-1985 (UNA) |
| 　　　　　　　　　　　　　　　　　　) | |
| TANYA S. CHUTKAN, *et al.*,　　　　) | |
| 　　　　　　　　　　　　　　　　　　) | |
| 　　　　Defendants.　　　　　　　　) | |

**MEMORANDUM OPINION**

Darrel R. Fisher, who is detained at the Federal Medical Center in Butner, North Carolina, filed his complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 2) on July 10, 2023.  On July 25, 2023, the Court issued an Order (ECF No. 3) directing plaintiff to submit a certified copy of his trust fund account statement (or institutional equivalent), including the supporting ledger sheets, for the six-month period immediately preceding the filing of this case, obtained from the appropriate official of each prison at which he is or was confined, as is required of prisoners under the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915(a)(2).  The Order advised plaintiff that his failure to comply would result in dismissal of this case without prejudice.

On August 9, 2023, plaintiff filed a response (ECF No. 4) to the July 25, 2023, Order which, generally, denies he is a "prisoner," defined under the PLRA as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).  Given the dismissal of criminal charges against him, *see* Order, *United States v. Fisher*, No. 4:99-cv-0012 (W.D. Mo. Oct. 13,

1

2015) (dismissing indictment returned on Feb. 1, 1999), plaintiff is a civil detainee, not a prisoner to whom the PLRA applies. *See Jones v. Cuomo*, 2 F.4th 22, 26 (2d Cir. 2021) ("join[ing] other circuits that have held that an individual detained pursuant to a civil sex offender confinement statute is not a 'prisoner' under the PLRA"), *cert. denied sub nom. Jones v. Hochul*, 142 S. Ct. 1141 (2022); *Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (finding that Federal Medical Center detainee who "appears to be civilly committed . . . is . . . not a prisoner within the meaning of the PLRA"); *see also Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (remarking that "§ 1915(h) differentiates between 'criminal' detainees—i.e., individuals detained pursuant to an accusation or conviction of a violation of a criminal statute, or relatedly a violation of parole or probation—and other detainees"). Accordingly, the Court grants plaintiff's application to proceed *in forma pauperis*. *See Fisher v. Wimes*, No. 4:18-cv-0684, 2018 WL 10560772, at *1 (W.D. Mo. Sept. 24, 2018) (granting plaintiff "provisional leave to proceed *in forma pauperis*" based on Eighth Circuit ruling "that the provisions of the Prison Litigation Reform Act . . . do not apply to persons who are mental patients").

"Notwithstanding any filing fee . . . the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). This complaint seeks to hold a federal district judge "liable" for having dismissed plaintiff's prior civil action. *See Fisher v. Higgins*, No. 22-cv-3674 (D.D.C. Apr. 12, 2023).

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray,* 386 U.S. 547, 553–54 (1967). Here, it is apparent that Judge Chutkan was acting in her

2

judicial capacity when she issued the rulings plaintiff deems objectionable, and absolute judicial immunity protects her from suit.  *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error").  This immunity extends to Court staff who perform tasks integral to the judicial process.  *See Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)).

Judicial immunity bars plaintiff's claims, and the Court will dismiss the complaint.  In addition, the Court will deny plaintiff's motion to amend the complaint, given plaintiff's intention to "add to it rather than change it."  Pl.'s Mot. Am. Compl. (ECF No. 5) at 1.  This outcome should not surprise plaintiff, whose prior litigation against other federal judges was equally unsuccessful.  *See Fisher v. Connor*, No. 4:18-cv-00521, 2018 WL 10110896, at *2 (W.D. Mo. Aug. 20, 2018) (dismissing complaint against federal district judge and magistrate judge, who both enjoy judicial immunity, for failure to state claim upon which relief may be granted).

An Order is issued separately.

DATE: April 16, 2024                                   JAMES E. BOASBERG
                                                                       Chief Judge